**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | CIVIL ACTION NO. SA-23-CA-700-FB |
| CHIMENE VAN GUNDY; OUTSTANDING REAL ESTATE SOLUTIONS, INC.; MICHAEL TROFIMOFF, SANTOS KIDD; and MARIA TOSTA, | ) ) ) ) ) | |
| Defendant. | ) | |

<u>**FINAL JUDGMENT AS TO DEFENDANT MARIA TOSTA**</u>

Before the Court is Plaintiff's Unopposed Motion to Enter Final Judgment Against Maria Tosta. (Docket no. 4.)  After careful consideration, the Court is of the opinion that the motion should be granted.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiff's Unopposed Motion to Enter Final Judgment Against Maria Tosta (docket no. 4) is GRANTED as set forth below:

The Securities and Exchange Commission having filed a Complaint and Defendant Maria Tosta ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C.

§§ 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by, directly or indirectly, while engaging in business as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than as exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by her, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing securities for her own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $102,076.31, representing Defendant's ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,841.26, and a civil penalty in the amount of $60,000. Defendant shall satisfy this obligation by paying $177,917.57 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant

may also pay by certified check, bank cashier's check, or United States postal money order payable to

the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this

Court; Maria Tosta as a defendant in this action; and specifying that payment is made pursuant to this

Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment, Defendant

relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall

be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest

by using all collection procedures authorized by law, including, but not limited to, moving for civil

contempt at any time after 30 days following entry of this Final Judgment. The Commission may

enforce the Court's judgment for penalties by the use of all collection procedures authorized by law,

including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil

contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment

interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. §

1961. The Commission shall hold the funds, together with any interest and income earned thereon

(collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.

Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of

Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the

administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the

complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment

interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment,

order, consent order, decree or settlement agreement entered in connection with this proceeding, is a

debt for the violation by Defendant of the federal securities laws or any regulation or order issued under

such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

It is so ORDERED.

SIGNED this 1st day of June, 2023.

FRED BIERY
UNITED STATES DISTRICT JUDGE